IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES CLARKE, et al.,   :   CIVIL ACTION
  :   NO. 08-468
    Plaintiffs,   :
  :
   v.   :
  :
BERNON LANE, et al.,   :
  :
    Defendants.   :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.         March 31, 2010

TABLE OF CONTENTS

I.  BACKGROUND ...............................................2
II.  DEFENDANTS' MOTIONS TO DISMISS; MOTION FOR SUMMARY JUDGMENT ....5
  A.  Procedural History ....................................5
  B.  General Principles ....................................7
    1.  Standing ......................................8
    2.  Mootness ......................................8
    3.  Rule 12(b)(6) .................................9
    4.  Rule 56(c) ...................................10
  C.  Standing .............................................11
    1.  Plaintiffs Anderson and Clarke ...............11
    2.  Plaintiffs Charles, Taylor, Coleman ..........12
    3.  Plaintiffs Chapolini and Cruz ................12
    4.  Plaintiff Pastrana ...........................15
  D.  Mootness .............................................16
    1.  Plaintiffs Charles, Taylor, Coleman ..........16
     a.  Sosna Exception ..........................16
     b.  Capable of Repetition, Yet Evading Review
      Exception ................................17
     c.  Transitory Claim Exception ...............19
    2.  Plaintiff Pastrana ...........................21
  E.  Motion to Dismiss ....................................22
  F.  Motion for Summary Judgment...........................22
III. MOTION FOR CLASS CERTIFICATION: PLAINTIFF PASTRANA .......23
    1.  Class Definition .............................23
    2.  Legal Standard ...............................25
    3.  Application ..................................27
     a.  Rule 23(a) Requirements ..................27
      i.  Numerosity ...........................27
      ii.  Commonality ..........................28
      iii. Typicality ...........................31
      iv.  Adequacy of Representation ..........33
     b.  Rule 23(b)(2) Requirements ...............35
IV.  CONCLUSION ..............................................37

Before the Court is (1) Plaintiffs' amended motion for class certification (doc. no. 72); (2) CEC Defendants' motion to dismiss or, in the alternative, summary judgment (doc. no. 83); and (3) Moving Defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) (doc. no. 85). For organizational purposes, the Court will address Defendants' motion for summary judgment and motions to dismiss, followed by Plaintiffs' motion for class certification.

For the reasons stated below, Defendants' motions will be denied in part and granted in part, and Plaintiffs' motion will be granted with Plaintiff Pastrana serving as the class representative.

## I.   BACKGROUND

On June 8, 2009, Plaintiffs filed an amended motion for class certification, pursuant to Fed. R. Civ. P. 23(b)(2) ("Rule 23(b)(2)"), alleging inadequate medical and mental healthcare for residents at Coleman Hall, a community corrections facility, and asserting claims for violations of their First, Eighth and Fourteenth Amendment rights, pursuant to 42 U.S.C. §§ 1983 and 1988. As a class, Plaintiffs seek injunctive and declaratory relief, under 42 U.S.C. § 1983, Title II and III of the Americans

with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act.[1]

In their motion, Plaintiffs seek to certify a class comprised of "all current and future residents of Coleman Hall to pursue claims associated with the inadequate access to and provision of medical and mental health care." See Pls.' Mot. Class Cert. 15. The motion names the following eight Plaintiffs, on behalf of themselves and those similarly situated:

1.   James Clarke
2.   Antonio Charles
3.   Richard Taylor
4.   Emmett Coleman
5.   Glenn Anderson
6.   Vincent Chapolini
7.   Hector Pastrana
8.   Felix Cruz

See Pls.' Am. Class Cert.

In their motion, Plaintiffs name the following thirteen Defendants:

1.   Bernon Lane, Director
2.   James Newton, Deputy Director[2]
3.   Charles Steiner, Deputy Director
4.   Charles Irizarray, Manager

---

[1]   Plaintiffs' motion for class certification asserts two different tracks of recovery. First, named Plaintiffs assert claims for monetary damages and do not seek certification of a class for these damages. Second, Plaintiffs seek to certify a class of "all current and future residents of Coleman Hall" in order "to pursue claims associated with the inadequate access to and provision of medical and mental health care." See Pls.' Mot. Class Cert. 15. For classes seeking declaratory and injunctive relief, Rule 23(b)(2) is the applicable provision.

[2]   Deputy Director James Newton was terminated as a defendant on June 4, 2009.

```
5.   Barry Hazzard, Agent
6.   Nora Williams, Nurse
7.   Irene Blackwell
8.   Ian Dennis
9.   Andrea Harris
10.  Lenora King
11.  Patricia Jackson
```

See Pls.' Am. Class Cert (collectively, "Moving Defendants").

```
12.  John Curl
13.  Coleman Hall, 3950 "D" Street, Philadelphia, PA
     19124 ("Coleman Hall")
```

See id. (collectively, "CEC Defendants").

Coleman Hall is a residential treatment center, owned and operated by Community Education Centers, located in North Philadelphia that serves as a halfway house for pre-released or paroled inmates from the Pennsylvania Department of Corrections ("DOC") or violators of probation or parole conditions with the Pennsylvania Board of Probation and Parole ("Board").

In support, Plaintiffs initiated this class action as Coleman Hall residents, alleging that systemic defects at the medical facility preclude adequate and timely physical and mental healthcare.  Plaintiffs allege that the inadequate health services are life-threatening to Coleman Hall residents.[3]

---

[3]  Plaintiffs aver that Coleman Hall's deficiencies include: lack of adequate intake screening, lack of medication review upon intake, lack of emergent health coverage by doctors and nurses, lack of transportation for emergency health care, lack of a medically-trained director, lack of a functional grievance system, and the ability of non-medical staff to override medical professionals' decisions.  See Pls.' Am. Class Cert. 2.

**II.  DEFENDANTS' MOTIONS TO DISMISS; MOTION FOR SUMMARY JUDGMENT**

### A.    Procedural History

On January 30, 2008, Plaintiffs Clarke, Charles, Tyalor, Coleman and Anderson filed a complaint, alleging that Defendant Coleman Hall provided inadequate healthcare in violation of their constitutional rights.  On June 11, 2008, Defendants filed an answer.  Limited discovery was conducted by both parties.

On January 5, 2009, this Court held a status and scheduling conference at which it ordered that discovery be concluded by May 5, 2009, at which time Defendants could filed dispositive motions.  On January 13, 2009, Defendants filed a motion to amend their answer to include affirmative defenses, which this Court granted on April 8, 2009.

On March 25, 2009, Defendants filed a motion for summary judgment to dismiss Plaintiffs' claims for failure to state claims and for failure to exhaust administrative remedies, which the Court dismissed as moot upon granting Plaintiffs' motion to amend the complaint on June 4, 2009.

On May 18, 2009, Plaintiffs filed a motion to amend their complaint, pursuant to Fed. R. Civ. P. 15(a), in order to add three new Plaintiffs Vincent Chapolini, Hector Pastrana, and Felix Cruz, as class representatives.  See Pls.' Mot. Am., doc.

no. 55.[4]  The Court granted only the motion to amend and, as such, Plaintiffs' first amended complaint is the operative pleading to be examined by the Court.

On June 8, 2009, Plaintiffs filed an amended motion to certify a class.  <u>See</u> Pls.' Mot. Class Cert.  Plaintiffs argue that, as current or future inmates of Coleman Hall, the proposed class can satisfy the Rule 23(a) requirements of numerosity, commonality, typicality, adequacy of representation, and Rule 23(b)(2) requirements, warranting certification of a class seeking declaratory or injunctive relief.

Defendants, in turn, argue that (1) Plaintiffs do not have standing to seek equitable relief for alleged civil rights violations, a threshold jurisdictional issue; (2) Plaintiffs fail to satisfy Rule 23(a) requirements; and (3) Plaintiffs cannot be certified as a class under Rule 23(b)(2).  <u>See</u> Defs.' Opp'n. Specifically, Defendants argue that Plaintiffs' counsel expects

---

[4]     Fed. R. Civ. P. 15(a) provides that leave to amend should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a).  "Courts 'have shown a strong liberality . . . in allowing amendments under Rule 15(a).'"  <u>Scansource, Inc. v. Datavision-Prologix, Inc.</u>, No. 04-4271, 2009 WL 973497, at *1 (E.D. Pa. Apr. 8, 2009) (quoting <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652 (3d Cir. 1989)).

On June 3, 2009, this Court granted Plaintiffs' motion for leave to file an amended complaint (doc. no. 55).  <u>See</u> Court Order, 6/3/09 (allowing Plaintiffs to add three new parties). However, this Court denied Plaintiffs' motion for leave to file a second amended complaint that attempted to add or substitute additional parties not mentioned during the June 3, 2009 hearing. <u>See</u> Court Order, 6/22/09.

to add and substitute new parties to preserve standing and that
without the newly added three Plaintiffs, no standing exists as
only Plaintiff Pastrana is a current resident at Coleman Hall.
See Defs.' Opp'n ¶ 69.

### B.    General Principles

Here, Plaintiffs request certification of a class "of
all current and future residents of Coleman Hall to pursue claims
associated with the inadequate access to and provision of medical
and mental health care."  See Pls.' Mot. Class Cert. 15.
Plaintiffs argue that they have standing as class representatives
due to the "inherently transitory nature of Plaintiffs' claims",
under the relation-back doctrine and "capable of repetition yet
evading review exception."

Defendants opposed Plaintiffs' motion for class
certification, arguing that the motion should not relate-back to
the original complaint filed on January 30, 2008.  See Defs.'
Resp. 15.  Further, Defendants aver that because seven of the
eight named Plaintiffs are former Coleman Hall residents
(Defendants argue that only Plaintiff Pastrana is a current
inmate at Coleman Hall), the named Plaintiffs do not have
standing as adequate representatives of the unnamed members of
the class.

Defendants further contend that Plaintiffs' motion for
class certification should be denied because all named

Plaintiffs, except Pastrana, are not current residents of Coleman Hall (i.e., former inmates). Under these circumstances, the class action (and underlying claim for equitable relief) is moot.

<u>          </u>1.  <u>Standing</u>

As a preliminary matter, the legal concepts of standing and mootness are separate and distinct. A well settled constitutional principle, standing is a party's right to bring a claim in the first instance. <u>Artway v. Attorney Gen.</u>, 81 F.3d 1235, 1246 (3d Cir. 1996). To demonstrate standing when a claimant seeks equitable relief, Article III requires a plaintiff to establish what has been distilled down to a three-part test, where the evidence or pleadings must show that (1) the plaintiff has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant; (2) the injury can be traced to the challenged action of the defendant; and (3) the injury "is likely to be redressed by a favorable decision." <u>Valley Forge Christian Coll. v. Americans United for Separation of Church and State</u>, 454 U.S. 464, 472 (1982); <u>Warth v. Seldin</u>, 422 U.S. 490, 498-500 (1975).

2.  <u>Mootness</u>

Mootness, in contrast, examines whether a party has lost standing due to a change in facts over the course of the

suit.  Id. ("An action becomes moot when '(1) there is no
reasonable expectation that the alleged events will recur . . .
and (2) interim relief or events have completely eradicated the
effects of the violation.'").  Further, federal courts'
jurisdiction is limited for mootness "when the issues presented
are no longer 'live' or the parties lack a legally cognizable
interest in the outcome" (the personal stake requirement).
Bowers v. City of Philadelphia, 2006 U.S. Dist. LEXIS 64651 (E.D.
Pa. Sept. 8, 2006) (citing United States Parole Comm'n v.
Geraghty, 445 U.S. 388, 396 (1980) (internal citation omitted)).

Both standing and mootness must be satisfied in order
to satisfy the "case and controversy" requirement under Article
III.  Sosna v. Iowa, 419 U.S. 393, 402 (1975).  "The Constitution
limits federal court jurisdiction to review of 'actual cases or
controversies' in which the plaintiff has a 'personal stake' in
the litigation."  U.S. Const. art. III, § 2; Geraghty, 445 U.S.
at 388, 396-97.[5]


3.  Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss for failure to state a
claim upon which relief can be granted under Fed. R. Civ. P.

---

[5]    "The case or controversy requirement must be met
regardless of the relief sought, including declaratory relief."
Armstrong World Industries Inc. by Wolfson v. Adams, 961 F.2d
405, 410 (3d Cir. 1992) (citing Skelly Oil Co. v. Phillips
Petroleum Co., 339 U.S. 667 (1950)).

12(b)(6) the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 216 (3d Cir. 2007). The Court need not, however, "credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss." Id. (quotation omitted). The "'[f]actual allegations must be enough to raise the right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007)).

4. <u>Summary Judgment Under Rule 56(c)</u>

A court may grant summary judgment when "the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. Id. at 248-49. "In considering the evidence, the court

should draw all reasonable inferences against the moving party."
El v. Se. Pa. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).

Motion To Dismiss, Under Fed. R. Civ. P. 12(b)(6)

With this guidance in mind, the Court will analyze the
Plaintiffs' claim.

### C. Standing

1. Plaintiffs Anderson and Clarke

Plaintiff Glenn Anderson, in his declaration, averred
that he resided at Coleman Hall from "August 6, 2007 to
approximately December 2, 2007." See Anderson Decl., Pls.' Mot.
Class Cert., App. Part 2 at 523.[6]  Plaintiff James Clarke was a
Coleman Hall resident from September 26, 2006 to December 24,
2006. See Pls.' Am. Compl. 2.  In one vein Plaintiffs argue that
they have standing as a proper party to bring a claim for
inadequate medical healthcare facilities at Coleman Hall as
former inmates, and in another vein, Plaintiffs Anderson and
Clarke argue that they are appropriate named plaintiffs for a
class representing "current and future residents of Coleman
Hall." See Pls.' Reply 3.

---

[6]     Plaintiffs specifically state:

Antonio Charles, Richard Taylor, Emmett Coleman, and
Glenn Anderson were all residents of Coleman Hall at the
time the original Complaint (Docket No. 1) was filed.

See Pls.' Mot. Class Cert 2.

Regardless, it is undisputed that Plaintiffs Anderson and Clarke left Coleman Hall on December 2, 2007 and December 24, 2006, respectively. Plaintiffs filed the complaint on January 30, 2008 and a motion for class certification on May 18, 2009. As Plaintiffs Anderson and Clarke were not Coleman Hall inmates at the time the complaint was filed, nor at the time the motion for class certification was filed, neither has a personal stake in the litigation. As such, Plaintiffs Anderson and Clarke cannot be a named plaintiff seeking to represent a class of "current and future residents."

### 2. Plaintiffs Charles, Taylor, Coleman

Plaintiffs Charles, Taylor, and Coleman were named in the original complaint filed on January 30, 2008 (doc. no. 1). At that time, these named Plaintiffs were Coleman Hall residents. Plaintiffs Charles, Taylor, and Coleman had a personal stake from the outset of the litigation and, therefore have proper standing to bring their claims.

### 3. Plaintiffs Chapolini and Cruz

As to Plaintiffs Chapolini and Cruz, Defendants argue that neither has standing to seek injunctive relief or declaratory judgment as neither is currently a Coleman Hall resident. See Defs.' Mot. Dismiss 34. Plaintiffs, however, argue that because Plaintiffs Chapolini and Cruz sufferred from

physical and mental health problems and experienced inadequate
medical care at Coleman Hall, they do have standing.

Under the "case and controversies" provision of
Article III of the Constitution, a federal court only has
jurisdiction over cases where the plaintiff has a personal stake
in the outcome throughout the litigation.  See Geraghty, 445 U.S.
at 395-96.  Specifically, as to former, current, or future
prisoners, to have a continuing case or controversy that is
"'live' at all stages of the proceedings" a former prisoner must
be subject to the alleged violations he intends to challenge;
otherwise a prisoner "lack[s] standing to seek injunctive
relief."  Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Weaver v.
Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

Here, Defendants argue that Plaintiffs Chapolini and
Cruz are party to a suit that seeks equitable relief, relief that
cannot redress their injuries as they are no longer inmates at
Coleman Hall.  On the other hand, Plaintiffs argue that the
elements for standing have been met and that the elements differ
slightly for inmate class actions due to the inherently
transitory nature of the litigants.

For support, Plaintiffs cite to Hassine v. Jeffes, 846
F.2d at 176-78 n.3, n.5 (3d Cir. 1988).  The Hassine court held
that where proposed class representatives were incarcerated and
were "vulnerable to injury," they had standing to seek injunctive

relief on behalf of themselves and fellow inmates. Yet here, Plaintiffs Chapolini and Cruz seek injunctive and declaratory relief from violations based on inadequate medical care at Coleman Hall, but have not been inmates since May 20, 2009[7] and July 3, 2009, respectively. See also Weaver, 650 F.2d at 27 (finding that courts have held a prisoner does not have standing to seek injunctive relief where he is no longer subject to the alleged conditions he is attempting to challenge). Therefore, Hassine is inapplicable.

Further, Plaintiffs cannot satisfy the last element of standing, redressability. "[T]he redressability factor focuses on the connection between the plaintiff's injury and the judicial relief sought." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167 (2000). Plaintiffs cannot demonstrate that equitable relief will redress their injuries to establish standing as they are no longer Coleman Hall residents subject to the conditions they wish to abate. See Citizens for Health v. Leavitt, 428 F.3d 167, 176 n.9 (3d Cir. 2005) ("An injury is redressable for justiciability purposes where the

---

[7]    The Court relies on Plaintiffs' counsel's averments made during a hearing which stated that Plaintiff Chapolini was removed from Coleman Hall two days after the motion for class certification was filed. Thereby designating the date of expiration of Plaintiff Chapolini's claim as May 20, 2009. See Hr'g Tr. 6:7-13 ("The Court: Chapolini. Ms. Yeh: Chapolini. He was there the day we filed the motion for leave for amended complaint along with the motion for class certification. The Court: He was there both times? Ms. Yeh: Yes. Although he, two days later he was subsequently transferred out.").

plaintiff can show that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.").

Therefore, Plaintiffs Chapolini and Cruz do not have standing and cannot represent a class of "current and future residents of Coleman Hall."[8]


    4.  <u>Plaintiff Pastrana</u>

Plaintiff Pastrana, however, is currently a Coleman Hall resident, and as such any equitable relief would redress his alleged injuries.  Therefore, Plaintiff Pastrana has standing.[9]

---

[8]    It is noted that, even if Plaintiffs' claims were dismissed for lack of standing here, it does not follow that they cannot pursue "a claim for damages."  <u>Weaver</u>, 650 F.2d at 27 n.13 (citing <u>Jerry v. Francisco</u>, 632 F.2d 252, 255 (3d Cir. 1980)).

[9]    Defendants have not addressed the issue of exhaustion as to Plaintiff Pastrana specifically.  Plaintiffs argue that Plaintiff Pastrana exhausted his administrative remedies by filing several grievances, to which Pastrana contends he received no responses, and filing a medical grievance, which the Plaintiffs contend does not have "an additional layer of appeal." <u>See</u> Pls.' Resp. 25.

The Prison Litigation Reform Act ("PLRA") provides exhaustion as a defense when "such administrative remedies are available."  42 U.S.C. § 1997(e)(a).  "To be 'available', under the PLRA, a remedy must afford 'the possibility of some relief for the action complained of.'" <u>Abney v. McGinnis</u>, 380 F.3d 663, 667 (3d Cir. 2004) (quoting <u>Booth v. Churner</u>, 532 U.S. 731, 738 (2001)).

Here, Plaintiffs argue in the complaint that the Coleman Hall grievance system is in "disarray," rendering it "unavailable" for purposes of the PLRA.  As no evidence points to the contrary and Defendants do not dispute this point, the Court will move forward to a determination of Plaintiffs' motion for

**D.  Mootness**

    1.  <u>Plaintiffs Charles, Taylor, Coleman</u>[10]

As discussed above, Plaintiffs Charles, Taylor, and Coleman had standing as they were Coleman Hall residents at the time the original complaint was filed.  However, Plaintiffs have conceded that these named Plaintiffs were not present at Coleman Hall at the time Plaintiffs filed a motion for class certification (doc. no. 54) on May 18, 2009.  Thus, where Plaintiffs' claims lapsed prior to the filing of the motion for class certification, Plaintiffs' claims are moot.  <u>See</u> <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 52 (1991).

There are, however, some exceptions to the mootness doctrine applicable here: (a) the "capable of repetition, yet evading review" exception; (b) the <u>Sosna</u> exception; and (c) the transitory claim exception (i.e, the <u>Gerstein</u> exception).  <u>See</u> <u>Bowers</u>, 2006 U.S. Dist. LEXIS 64651, at *6-7.  The Court will address each of these exceptions in turn.

    a.  <u>Sosna Exception</u>

In <u>Sosna</u>, the named plaintiff, who had been designated lead plaintiff, had her claims mooted for while the case was on

---

class certification.

[10]  Since the Court found that Plaintiffs Anderson, Clarke, Chapolini, and Cruz do not have standing to bring their claims, the Court will not review whether, in any event, their claims are now moot.

appeal.  The <u>Sosna</u> court held that "it retained jurisdiction because the controversy the suit involved remained 'very much alive for the class of persons [the named plaintiff] had been certified to represent'", even though the named plaintiff's claims had expired.  <u>Sosna</u>, 419 U.S. at 401.  Thus, "the mooting of a named plaintiff's claim does not eliminate federal jurisdiction over a class action, provided a class has already been certified."  <u>Rosetti v. Shalala</u>, 12 F.3d 1216, 1225 (3d Cir. 1993).

In this case, unlike <u>Sosna</u>, the class had not been certified prior to their claims becoming moot.  Therefore, <u>Sosna</u> is inapplicable.

> b.  <u>Capable of Repetition, Yet Evading Review Exception</u>

Plaintiffs aver that Plaintiffs Charles, Taylor, and Coleman were all residents of Coleman Hall at the time the original complaint was filed on January 30, 2008.  <u>See</u> Pls.' Mot. Class Cert.  Plaintiffs also argue that due to the "inherently transitory" nature of Plaintiffs as inmates, constitutional violations due to allegedly inadequate medical care at Coleman Hall are just such the type of issues that are "capable of repetition, yet evading review."

To qualify for the "capable of repetition, yet evading review", Plaintiffs must demonstrate two elements: "(1) the

challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy v. Hunt 455 U.S. 478, 482 (1982) (internal quotation omitted); see also City of Los Angeles v. Lyon, 461 U.S. 95, 109 (1983) (noting "the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality").

Plaintiffs fail to satisfy the second prong: that Plaintiffs "will be subjected to the same action again." Murphy, 455 U.S. at 482. The "likelihood" of Plaintiffs returning to Coleman Hall for future criminal conduct is too speculative and not the "likelihood of future injury" that is required. Plaintiffs have not shown they are capable of suffering from the illegality again and as such have not satisfied their burden. See Roe v. Operation Rescue, 919 F.2d 857, 864 (3d Cir. 1990) (holding that where "injunctive relief is sought, a plaintiff must demonstrate that he is likely to suffer future injury from the defendant's threatened conduct . . . 'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'"); see also Abdul-Akbar

v. Watson, 4 F.3d 195, 207 (3d Cir. 1993) ("[C]onjecture as to
the likelihood of repetition has no place in the application of
this exception and narrow grant of judicial power . . .
speculative hypothesis" regarding whether plaintiff is likely to
be incarcerated again is not appropriate in this analysis.").
Thus, the capable of repetition, yet incapable of review
exception is not applicable here either.

c. <u>Transitory Claim Exception</u>

The final issue is whether there are circumstances
where Plaintiffs' claims may not be moot, even though the claims
of the named Plaintiffs were mooted before the class was
certified. See Weiss v. Regal Collections, 385 F.3d 337, 347 (3d
Cir. 2004) ("The mootness exception recognizes that, in certain
circumstances, to give effect to the purposes of Rule 23, it is
necessary to conceive of the named plaintiff as a part of an
indivisible class and not merely a single adverse party even
before the class certification question has been decided. By
relating class certification back to the filing of a class
complaint, the class representative would retain standing to
litigate class certification though his individual claim is
moot.")

Under these circumstances, courts have recognized the
transitory claim exception as an exception to the mootness
doctrine. Where a motion for class certification has been filed

but not been ruled upon by the court and the nature of the ongoing violations are short-term, the transitory nature of the plaintiffs is considered by the courts to avoid a "black hole" of litigation. See also Geraghty, 445 U.S. at 404 (acknowledging that prior cases in this area are "somewhat confusing," that some "perhaps, are irreconcilable with others," and that "the strict, formalistic view of Article III jurisprudence, while perhaps the starting point of all inquiry, is riddled with exceptions").[11]

This exception does not apply here. In this case, it is undisputed that Clarke, Taylor, and Colman's claims were mooted prior to the filing of class certification (since they were no longer Coleman residents when the motion for class certification was filed).[12]

---

[11]    Normally, when claims of the named plaintiffs become moot before class certification, dismissal of the action is required. Lusardi v. Xerox Corp., 975 F.2d 964, 974-75 (3d Cir. 1992) ("In such a situation, there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution."); Kremens v. Bartley, 431 U.S. 119, 132-33 (1977).

[12]    Plaintiffs also analogize their claims to Santiago v. Philadelphia. 72 F.R.D. 619, 621 (E.D. Pa. 1976). In Santiago, the district court held that class certification could "relate back" to the filing of the complaint where the injury was "capable of repetition, yet evades review", an exception to the mootness doctrine, even though named plaintiffs comprised of former residents of the detention center. However, that decision was centered on the "very short terms of confinement." Id. at 624. The Santiago juvenile detainees were only housed in a certain center for a short period of time, approximately 8.5 days, and therefore the court determined that the complaints were capable of evading review on a consistent basis.

2.    Plaintiff Pastrana

        Plaintiffs argue that Plaintiff Pastrana was a Coleman

Hall resident at the time the amended complaint was filed, the

motion for class certification was filed, and is still a current

resident.  As such, Plaintiff is adequate representative for the

putative class of "current and future residents of Coleman Hall."

        Defendants admit that Pastrana is currently a Coleman

Hall resident, but claim nonetheless, that Plaintiff Pastrana is

not an appropriate representative for this class.  The Court

disagrees.

        Since Plaintiff Pastrana was added as a plaintiff in

the amended complaint, was present in Coleman Hall when the

amended motion for class certification was filed, and is

currently at Coleman Hall, Plaintiff Pastrana's claims are not

moot.

_____

        Here, unlike Santiago, Plaintiffs are confirmed to
Coleman Hall for an average of nine months. Id. (noting that the
average detention time for status offenders was 8.5 days); see
also Bowers, 2006 U.S. Dist. LEXIS 64651 (noting that pre-trial
detainees were only held for a maximum of seven days in
Philadelphia Prison System, where violative activity occurred).
As the juvenile offenders in Santiago would not have time to
bring a claim prior to being moved from the detention center, the
alleged constitutional violations were incapable of being
reviewed.  However here, where inmates are Coleman Hall residents
ranging on average from six to twelve months, the allegations are
not incapable of review from a procedural, logistical standpoint.
See Pls.' Mot. Class Cert. 17 ("The stay for a [Coleman Hall]
resident can range from 90 days to a year, and on average from 6
months to one year").  Even at the lowest end of their stays,
inmates are at Coleman Hall for a minimum of three months.

**E.    Motions to Dismiss (Doc. Nos. 83, 85)**

For the reasons set for above, to the extent that Moving and CEC Defendants seek to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), Defendants' motions to dismiss are granted in part and denied in part.  Since Plaintiffs Anderson, Clarke, Chapolini and Cruz do not have standing, Defendants' motions to dismiss their claims are granted.  Since Plaintiffs Charles, Taylor, and Coleman have claims that are moot, Moving and CEC Defendants' motions to dismiss their claims are granted.

To the extent Moving and CEC Defendants seek to dismiss Plaintiff Pastrana's claims, their motions are denied.  Plaintiff Pastrana has standing, claims of a non-moot nature, and he has stated a claim upon which relief may be granted.

**F.    Motion for Summary Judgment (Doc. No. 85)**

For the reasons set for above, to the extent CEC Defendants seek summary judgment, pursuant to Fed. R. Civ. P. 56(c), the Court concludes that genuine issues of material fact exist precluding judgment.  Therefore, CEC Defendants' motion for summary judgment is denied without prejudice.[13]

---

[13]    For reasons stated herein, all of Plaintiffs' claims, excepting Pastrana, can be resolved at this stage.  As to Pastrana's claims, Defendants provided insufficient arguments to

**III. MOTION FOR CLASS CERTIFICATION: PLAINTIFF PASTRANA**

Given the Court's analysis of the threshold "case and controversy" requirements, only Plaintiff Pastrana is an appropriate plaintiff in this case for purposes of seeking class certification.

       1.  <u>Class Definition</u>

The Court must first address the definition for the putative class submitted by Plaintiffs.  The definition of the class is a matter within the broad discretion of the district court.  <u>Battle v. Com. of Pa.</u>, 629 F.2d 269, 271 n.1 (3d Cir. 1980) (citing <u>Gardner v. Westinghouse Broad. Co.</u>, 559 F.2d 209, 212 (3d Cir. 1977), <u>aff'd</u> 437 U.S. 478 (1978)).  All class certification orders are conditional and "the court retains the authority to re-define or decertify the class until the entry of final judgment on the merits."  <u>See</u> <u>In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.</u>, 55 F.3d 768, 793 n.14 (3d Cir. 1995) (citing Fed. R. Civ. P. 23(c)(1)); <u>Kline v. Sec. Guards, Inc.</u>, 196 F.R.D. 261, 270 (E.D. Pa. 2000).

Plaintiffs' proposed class definition is as follows:

> All current and future residents of Coleman Hall to
> pursue claims associated with the inadequate access

---

warrant summary judgment.  Defendants will have an opportunity to re-file motions for summary judgment and directly address the merits of Pastrana's claims at the conclusion of discovery.

to and provision of medical and mental healthcare.
See Pls.' Mot. Class Cert. 15.

In order to certify a class properly pursuant to Rule
23, a court is required to delineate "the precise parameters
defining the class and a complete list of the class, issues, or
defenses to be treated on a class basis."  Wachtell v. Guardian
Life Ins. Co. of Am., 453 F.3d 179, 185 (3d Cir. 2006).
Therefore, the class definition submitted by Plaintiffs must
comport with the requirements under Rule 23(a) and (b) and be a
complete list.

In their motion, Plaintiffs rely heavily on Inmates of
the Northumberland County Prison v. Ralph Reish, No. 08-345, M.D.
Pa., March 17, 2009.  There the Middle District of Pennsylvania
certified a "global class" consisting of "all current and future
inmates of NCP ["Northumberland County Prison"]" and sought to,
amongst other claims "pursue claims associated with the provision
of medical, dental and mental health care . . ."  Id. at 22.
There, the court accepted two sub-classes based on gender within
the global class and found that there was a viable class
representative, even though some former inmates' lacked standing
for not having been at the prison when the complaint was filed,
while other former inmates' claims had expired.

Here, Plaintiffs have proposed a succinct class for
purposes of certification and have provided proper legal

foundation upon which to measure the precise nature of this particular civil rights litigation for current and former inmates. Thus, the Court will next determine whether Plaintiffs have satisfied Rule 23(a) and (b)(2) requirements warranting class certification.

      2.  <u>Legal Standard</u>

A "rigorous analysis" is necessary to ensure that the requirements of Rule 23 have been met prior to certifying a class. <u>Gen. Tel. Co. of Sw. v. Falcon</u>, 457 U.S. 147, 161 (1982). The Third Circuit has established that in conducting this rigorous analysis, "[t]he court may 'delve beyond the pleadings to determine whether the requirements for class certification are satisfied.'" <u>In re Hydrogen Peroxide Antitrust Litig.</u>, 552 F.3d 305, 316 (3d Cir. 2008) (quoting <u>Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 259 F.3d 154, 167 (3d Cir. 2001)); <u>see also Johnston v. HBO Film Mgmt., Inc.</u>, 265 F.3d 178, 189 (3d Cir. 2001) (district court properly "examine[d] the factual record underlying plaintiffs' allegations in making its certification decision").

The moving party bears the burden of establishing that the class action requirements are met. <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 178 (1974). Furthermore, Rule 23(g) mandates that plaintiff's counsel be appointed in conjunction with class certification. <u>Id.</u> 23(g).

Specifically, a party seeking class certification bears the burden of proving that the action satisfies the four threshold requirements of Federal Rule of Civil Procedure 23(a) and one of the three subdivisions of Rule 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997). Thus, Plaintiffs must first satisfy Rule 23(a) by showing:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Once the threshold Rule 23(a) requirements are met, the class may be certified only if one of the three requirements of Rule 23(b) is satisfied.

Here, Plaintiffs seek certification under Rule 23(b)(2). Rule 23(b)(2) permits class actions for declaratory or injunctive relief where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); Amchem, 521 U.S. at 614.

When ordering class certification, a district court must define "the precise parameters defining the class and a complete list of the claims, issues, or defenses to be treated on a class basis." Wachtel, 453 F.3d at 185; see also Hydrogen

Peroxide Antitrust Litig., 552 F.3d at 307 (holding that a court may analyze the elements of the parties' substantive claims and review facts revealed in discovery to evaluate whether Rule 23 is satisfied); accord Reiter v. Sonotone Corp., 442 U.S. 330, 345 (1979) ("When faced with 'potentially cumbersome or frivolous' classes, Rule 23 grants district courts broad power and discretion in determining whether to certify a class and how to manage a certified class.").[14]

### 3. Application

#### a. Rule 23(a) Requirements

The Court must determine whether the class meets Rule 23(a) and (b)(2) requirements. Rule 23(a)'s four elements are numerosity, commonality, typicality, and adequacy of the class representative.

#### i. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40,

---

[14]     To aid in the certification inquiry, "an increasing number of courts require a party requesting class certification to present a 'trial plan' that describes the issues likely to be presented at trial and tests whether they are susceptible to class-wide proof." Wachtel, 453 F.3d at 186 (internal quotations omitted).

the first prong of Rule 23(a) has been met." <u>Stewart v. Abraham</u>, 275 F.3d 220, 226-27 (3d Cir. 2001).  When determining numerosity, "a court may accept common sense assumptions." <u>In re Linerboard Antitrust Litig.</u>, 203 F.R.D. 197, 205 (E.D. Pa. 2000).

Here, Plaintiffs have asserted that Coleman Hall contains up to 300 inmates per year and "at any time the facility has approximately 150 to 300 residents." <u>See</u> Pls.' Mot. Class Cert 17.  As such, the numerosity element is satisfied. <u>See</u> <u>Linerboard</u>, 203 F.R.D. at 205 ("Numerosity does not require evidence of the exact number or identification of the proposed class.").

### ii.  <u>Commonality</u>

"[T]he commonality standard of Rule 23(a)(2) is not a high bar; it does not require identical claims or facts among class members, as 'the commonality requirement will be satisfied if the named plaintiffs share at least one question of law or fact with the grievances of the prospective class.'" <u>Chiang v. Veneman</u>, 385 F.3d 256, 265 (3d Cir. 2004) (quoting <u>HBO Film Mgmt.</u>, 265 F.3d at 184).  It is well-established in the Third Circuit that commonality does not require all claims and facts among class members be identical, rather a single common issue of law or fact shared by the named plaintiffs and the prospective class will suffice. <u>Chiang</u>, 385 F.3d at 265; <u>Johnston</u>, 265 F.3d at 184; <u>Baby Neal v. Casey</u>, 43 F.3d 48, 56 (3d Cir. 1994).

Whether a form of standardized conduct engaged in by the defendant is unlawful can satisfy the commonality requirement pursuant to Rule 23(a). See Richburg v. Palisades Collection LLC, 247 F.R.D. 457, 462 (E.D. Pa. 2008).

Plaintiffs argue that the equitable relief sought for the putative class implicates common questions of law and fact for, at least, the following nine issues:

1. Whether systemic understaffing or non-existent staffing of medical personnel exists, and if so, how the understaffing constrict access to medical and mental health care;

2. Whether the intake procedures adequately screen residents on their medical and mental health issues, and whether any inadequate intake procedures places the residents at great risk, for example, by preventing access to critically needed medication, failing to protect residents from communicable diseases, or failing to accurately screen individuals with mental health problems;

3. Whether the policies and practices involving medication prevent residents from timely receiving necessary and life-saving medication;

4. Whether the lack of any emergency health care coverage by doctors or nurses constrains access to immediately needed medical care and increases the risk of greater injury to residents;

5. Whether the policies and practices about transportation and passes for medical appointments and medical emergencies constricts access to vital medical care services;

6. Whether non-medical staff members are able to override decisions or recommendations by medical professionals, and whether that results in arduous barriers to accessing essential medical care services;

7.     Whether   the   facility   provides   reasonable
       accommodations to residents with disabilities;

8.     Whether the grievance system is non-functional and
       fails to provide a means for residents to resolve
       medical care issues; and

9.     Whether Coleman Hall interferes with the residents'
       ability to access counsel and retaliates against
       residents who attempt to access the grievance or
       legal system.

<u>See</u> Pls.' Mot. Class Cert. 19.

        Defendants argue that each named Plaintiff alleges

claims based on "dramatically different facts."  <u>See</u> Defs.' Opp'n

5, doc. no. 81.  However, as only Plaintiff Pastrana remains,

Defendants' contentions are moot.  Though as Defendants point out

Plaintiffs complain of obstruction of access to medical care,

while others obtained their own and merely assert failure to

provide transportation, the class certification motion rests on

Coleman Hall's failure to provide adequate healthcare, which

encompasses all the resulting factual issues.  <u>Id.</u> at 7.

Further, Plaintiffs have demonstrated the brunt of the questions

are common to the putative class: that the medical facilities at

Coleman Hall are inadequate.  <u>See</u> <u>Baby Neal</u>, 43 F.3d at 61

(finding that, in a § 1983 putative class action challenging

adequacy of services, where a "complaint does not seek damages,

the factual difference [among class members] are largely

irrelevant" for purposes of commonality).

        Here, Plaintiffs' putative class consists of "all

current and future residents of Coleman Hall to pursue claims associated with the inadequate access to and provision of medical and mental healthcare." See Pls.' Mot. Class Cert. 15. All proposed class members will share these issues as common questions of fact and corresponding law, under § 1983. Therefore, the commonality requirement of Rule 23(a) has been satisfied.

### iii. Typicality

> To evaluate typicality, we ask whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class. [F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.

Beck v. Maximus, Inc., 457 F.3d 291, 295-96 (3d Cir. 2006) (internal citations omitted). "'[E]ven relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 311 (3d Cir. 1998) (quoting Baby Neal, 43 F.3d at 58).[15]

---

[15]    "When a defendant engaged in a 'common scheme relative to all members of the class, there is a strong assumption that the claims of the representative parties will be typical of the absent class members.'" Cohen v. Chicago Title Ins. Co., 242 F.R.D. 295, 299 (E.D. Pa. 2007) (quoting Linerboard, 203 F.R.D.

Here, as in <u>Baby Neal</u>, "Plaintiffs are challenging common conditions and practices under a unitary regime." 43 F.3d at 60. Where "an action challenges a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as the injuries are shown to result from the practice." <u>Baby Neal</u>, 43 F.3d at 58.

Plaintiffs contend that Plaintiff Pastrana was subject to inadequate healthcare at Coleman Hall. While there, Pastrana had various medical issues arising from pre-existing conditions suffered in a motor vehicle accident in 1999. Once residing at Coleman Hall, Pastrana did not receive "any medical screening from a doctor or nurse" and did not receive any follow-up care. <u>See</u> Pls.' Am. Compl. ¶ 57. During his time at Coleman Hall, Pastrana asserts that he sought care at Northeastern Hospital for his leg and ankle injuries. However, Pastrana avers that due to Coleman Hall's failure to provide adequate medical health care, failure to provide transportation and lack of a pass and funds for public transport, he was unable to receive outside medical attention. Further, Pastrana avers that he received no response to his three medical grievances regarding a need for medical care for his "leg/ankle, eye care, physical therapy, and psychiatric care." <u>See</u> Am. Compl. ¶ 65.

_____

at 207).

Contrarily, Defendants maintain that as Coleman Hall's purpose is to provide a transition step for inmates into the community at large, residents are expected to provide their own health care. While Defendants argue the merits of Pastrana's claims, that is not germane to the particular issue of typicality. Here, the Court must determine whether all the proposed class members suffer constitutional violations under a uniform system, here the Coleman Hall healthcare. Pastrana alleges that he was subject to failure to conduct any medical screening, failure to provide follow-up medical care for pre-existing injuries, and failure to provide alternative healthcare facilities if internal ones were not available. These issues are all typical of the putative class as they occurred under one system of healthcare at Coleman Hall. Therefore, Plaintiff Pastrana's claims are typical of the class and the typicality requirement has been satisfied.

iv. <u>Adequacy of Representation</u>

Rule 23(a)(4) requires that the named plaintiffs "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The following two-pronged inquiry has been developed in the Third Circuit to assess the adequacy of a proposed class representative: (1) whether the proposed class

counsel is sufficiently qualified to represent the class;[16] and

(2) whether there are "conflicts of interest between the named

parties and the class they seek to represent." In re Prudential,

148 F.3d at 312. No clearly defined standard exists to determine

whether class counsel is qualified, but the court must confirm

that the proposed attorneys can "handle" the representation. See

New Directions Treatment Servs. v. City of Reading, 490 F.3d 293,

313 (3d Cir. 2007); Reed v. United Transp. Union, 488 U.S. 319

(1989) (noting that "the assurance of vigorous prosecution" by

class counsel is a "significant factor" in the Rule 23(a)(4)

analysis)).

     The Court concludes that proposed Plaintiffs' counsel,

Mr. Love and Ms. Yeh are qualified to represent the putative

class, based on their experience and extensive involvement in

litigating class actions on behalf of prisoners' civil rights in

federal courts. Further, named Plaintiff Pastrana does not have

interests in conflict with other members of the putative class.

See New Directions Treatment Servs., 490 F.3d at 313 ("Conflicts

of interest are rare in Rule 23(b)(2) class actions seeking only

declaratory and injunctive relief.") (internal citation

---

[16]     This inquiry requires a court to determine whether the
proposed class counsel is "'qualified, experienced, and generally
able to conduct the proposed litigation.'" Paone v. Palisades
Collection, LLC, 2010 U.S. Dist. LEXIS 7374, *27 (E.D. Pa. Jan.
26, 2010) (Robreno, J.); Wetzel v. Liberty Mut. Ins. Co., 508
F.2d 239, 247 (3d Cir. 1975) (internal citations omitted).

omitted).[17]

As discussed above, the Court concludes that Pastrana
and other putative class members have the same interests in a the
uniform system of healthcare offered by Coleman Hall for class
purposes and that the minor distinctions in healthcare are not
central to the equitable relief sought. Therefore, Rule 23(a)(4)
is satisfied and the interests of the class will be adequately
and fairly represented.

b. Rule 23(b)(2) Requirements

Once Rule 23(a) requirements have been satisfied, the
Court must ensure that the putative class complies with one of
the parts of subsection (b). Baby Neal, 34 F.3d at 55-56. Rule
23(b)(2) was written with the purpose of "remedy[ing] systemic
violations of basic rights of large and often amorphous classes."
Id. at 64. Specifically, Rule 23(b)(2) class actions are
"especially appropriate vehicle[s] for civil rights actions
seeking . . . declaratory relief for prison [and other
institutional] reform." See Hassine, 846 F.2d at 178 n.5.

Rule 23(b)(2) permits class actions for declaratory or

_____

[17]     The "conflicts of interest" step in this adequacy of
representation analysis is the substantial equivalent of the
typicality analysis required under Rule 23(a)(3). See Beck, 457
F.3d at 296 (noting that the "typicality and adequacy inquiries
often 'tend[] to merge' because both look to potential conflicts
and to 'whether the named plaintiff's claim and the class claims
are so interrelated that the interests of the class members will
be fairly and adequately protected in their absence.'" (quoting
Amchem, 521 U.S. at 626 n.20)).

injunctive relief where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); Amchem, 521 U.S. at 614. This works to ensure absentee class members' interests are not injured by res judicata. Hassine, 846 F.2d at 179. Further, Rule 23(b)(2) class actions are limited to those seeking primarily injunctive relief or corresponding declaratory relief. Barnes v. Am. Tobacco Co., 161 F.3d 127, 142 (3d Cir. 1998).

Here, Plaintiffs argue that the Rule 23(b)(2) requirements have been satisfied as the putative class is composed of prisoners seeking systematic changes in the form of equitable relief. See Pls.' Mot. Class Cert. 24. Defendants argue, however, that Plaintiffs cannot meet the Rule 23(b)(2) requirements where the named Plaintiff also seeks monetary relief. See Defs.' Opp'n 21-23, doc. no. 81.

Here, Plaintiffs requested monetary damages for named plaintiffs alone. However, it does not necessarily follow that the putative class seeking equitable relief fails. "When a plaintiff seeks both injunctive relief and monetary damages, as here, the Court must determine the primary form of relief sought." Huegel v. City of Easton, 2002 U.S. Dist. LEXIS 22273, *8 (E.D. Pa. Oct. 22, 2002) (citing Allison v. Citgo Petroleum

Corp., 151 F.3d 402, 415 (5th Cir. 1998)); Miller v. Hygrade Food Prods. Corp., 198 F.R.D. 638, 641 (E.D. Pa. 2001)). Certification is not appropriate where money damages predominate the injunctive relief.  Id. at *8.  However, as here where money damages were not requested on a predominant or class-wide basis, incidental monetary relief is permissible.

Therefore, the Court finds that Plaintiffs have successfully demonstrated that Defendants "acted in a manner generally applicable to the class."  Rule 23(b)(2) was created to deal with a case such as this and, in seeking injunctive relief and declaratory judgment against the allegedly violative healthcare system at Coleman Hall, Plaintiffs have satisfied Rule 23(b)(2) requirements.  See Baby Neal, 43 F.3d at 58-59 (explaining "that this requirement [Rule 23(b)(2)] is almost automatically satisfied in actions primarily seeking injunctive relief . . . . It is the (b)(2) class which serves most frequently as the vehicle  for civil rights actions and other institutional reform cases that receive class action treatment").

As Plaintiffs have satisfied, with named representative Pastrana, Rule 23(a) and Rule 23(b)(2) requirements, the class of "current and future residents of Coleman Hall," alleging defects in the provision of healthcare at Coleman Hall, is certified.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion for

class certification will be granted with Plaintiff Pastrana as the only named representative.

An appropriate order follows.